UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATASCOCITA REALTY INC; dba NEW ENERGY TRADING INC, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-4519 |
| | § | |
| WESTERN HERITAGE INSRUANCE COMPANY, *et al*, | § § § | |
| Defendants. | § § | |

## **OPINION AND ORDER**

Pending before the Court are three motions to dismiss filed by Defendants Sherman Smith (Doc. 21), Western Heritage Insurance Company ("Western") (Doc. 23), and Crawford & Company. Doc. 30. The Defendants' motions are almost identical and all seek dismissal of Plaintiff Atascocita Realty, Inc.'s ("Atascocita") original state court petition for failure to comply with the pleading standards of Rules 8 and 9(b). Doc. 1-4 at 2.

Atascocita has responded to all three motions, disputing Defendants' arguments that its original petition is insufficient under the Rule 8 standards and asserting that the specificity requirements of Rule 9(b) do not apply to its "statutory insurance code causes of action." Doc. 26 at 6; Doc. 27 at 6; Doc. 31 at 6.

The Court finds that Plaintiff's original petition fails to meet the pleading requirements of Rule 9(b) on its allegations of misrepresentation and violation of Tex. Ins. Code § 541.060(a)(1) and the requirements of Rule 8 with respect to Plaintiff's remaining claims. The Court grants Plaintiff leave to amend its original petition so as to comply with the standards of Rules 8 and 9(b).

Legal Standard

Rule 8(a)(2) requires the plaintiff to make a "short and plain statement of a claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The function of a complaint is to give the defendant fair notice of plaintiff's claim and the grounds upon which plaintiff relies. *Doss v. S. Cent. Bell Tel. Co.*, 834 F.2d 421, 424 (5th Cir. 1987) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544. 555 (2007)).

Allegations of fraud, however, must meet the stricter standards of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The particularity required for such pleading, however, varies from case to case. *See Benchmark Elec., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds*, 355 F.3d 356 (5th Cir.2003). The Fifth Circuit has reasoned that "[a]t a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs.*, 343 F.3d at 724.

More precisely, Rule 9(b)'s particularity requirement compels that "the who, what, when, where, and how [ ] be laid out." *Benchmark Elecs.*, 343 F.3d at 724. "Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to [Rule 9(b)'s] requirements." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D.Tex. 1998); *see also Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)

(noting that "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.").

Motion to Dismiss Under Rule 8

Defendants have moved to dismiss on the grounds that "Plaintiff's Original Petition provides no factual allegations to support" its causes of action. Doc. 21 at 2; Doc. 23 at 4; Doc. 30 at 2. Plaintiff's original petition contains a "Facts" section in which Atascocita contends that, as a result of Hurricane Ike, Plaintiff's building "sustained extensive roof and window damage throughout the entire building including, but not limited to, the building's ceilings, walls, insulation, and flooring. The building also sustained substantial structural and exterior damage." Doc. 1-4 at 5.

Atascocita further asserts the following: that it submitted a claim to Western Heritage, that Western Heritage assigned Crawford & Company to adjust the claim, that either Western Heritage, Crawford & Company, or both assigned Smith and Beth Moodenbaugh[1] as adjusters to the claim; that the subsequent valuation report produced by Moodenbaugh and Smith "failed to include Plaintiff's entire hurricane Ike [sic] damages note[d] upon inspection," that Smith "failed to thoroughly review Moodenbaugh's assessment of the claim and ultimately approved Moodenbaugh's inaccurate report of the damages," that Defendant Western Heritage underpaid Plaintiff's claim, and that it continues to deny his claims.

Taking these allegations as true, the Court finds that such factual allegations fail to put Defendants on notice of Atascocita's claims and the grounds upon which they rest. Plaintiff does not identify the particular damages which Moodenbaugh omitted from her report and that an adequate review by Smith would have identified, nor does it state either the true value of the

---

[1] Defendant Beth Moodenbaugh has not filed an appearance in this case and it is not clear from the record whether she was served with valid process.

Plaintiff's damages and the extent to which Defendants underpaid on such damages. Nor does Plaintiff identify the manner in which Defendants attempted to effectuate the allegedly "unfair" settlement at the basis of this action. Because it has failed to include such details, Plaintiff has failed to state a claim under the standards of Rule 8. Accordingly, the Defendants' motion to dismiss the Plaintiff's claims for failure to comply with Rule 8 is granted.

### Motion to Dismiss Under Rule 9

Defendants contend that Atascocita's claims of common law fraud or misrepresentation and for misrepresentation in violation of the Insurance Code § 541.060(a)(1) are insufficient to satisfy Rule 9(b)'s particularity requirement. In its complaint, Atascocita simply states that Defendants "misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence," in violation of Tex. Ins. Code § 541.060(a)(1) (Doc. 1-4 at 7) and that "Defendants . . . knowingly or recklessly made false representations . . . as to material facts and/or knowingly concealed all or part of material information from Plaintiff." *Id.* at 9. Such conclusory allegations fail "the who, what, when, where and how" relative to the defendants' alleged fraudulent representations or concealed material facts. Therefore, the Court grants Defendants' motion to dismiss Atascocita's claims of false representations and violation of Tex. Ins. Code § 541.060(a)(1) for failure to comply with Rule ((b)'s pleading requirements, but also grants Atascocita leave to amend its complaint to include factual allegations that satisfy the particularity requirements of Rule 9(b).

### Conclusion

Based on the foregoing, the Court hereby

**ORDERS** that the Defendants' motions to dismiss (Docs. 21, 23, 30) are **GRANTED,** but Plaintiff is given leave to amend its complaint within thirty days of the date of the filing of

this Order to satisfy the pleading requirements of Rules 8 and 9(b).

SIGNED at Houston, Texas, this 8th day of February, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE