UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATASCOCITA REALTY INC; dba NEW ENERGY TRADING INC, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:10-CV-4519 |
| | § | |
| WESTERN HERITAGE INSURANCE COMPANY, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court are Defendants Western Heritage Insurance Company ("Western Heritage"), Sherman Smith, and Crawford & Company's ("Crawford") motions to dismiss Plaintiff Atascocita Realty Inc.'s extra-contractual claims contained in its first amended complaint. Docs. 37, 40.[1]

Also pending before the Court is Plaintiff's previously filed motion to lift the Court ordered abatement of this action. Doc. 32. On March 4, 2011, Magistrate Judge Frances Stacy granted the Defendants' motion to abate the case pursuant to Section 541.155 of the Texas Insurance Code because of the Plaintiff's failure to provide adequate written notice of its claims.[2] Plaintiff subsequently sent two additional letters on March 21 and August 17, purporting to comply with the requirements of Section 541.155. Docs. 32-2, 32-3. Because the Court finds that Plaintiff's claims under the Texas Insurance Code should be dismissed, the Court orders that the stay entered pursuant to that Code should be lifted. The Court therefore grants Plaintiff's motion

---

[1] Defendants Western Heritage and Sherman Smith jointly submitted a motion to dismiss. Doc. 37. Crawford subsequently submitted its own motion to dismiss which is in every way identical to Document 37 save the name of the moving party in the summary and in the prayer for relief. *See* Doc. 40.

[2] Section 541.155 requires any person making a claim under the Insurance code to provide written notice the opposing party sixty days before filing an action. TEX. INS. CODE § 541.155(a).

to lift the abatement.

Having considered Defendants' motions, the Court finds that these motions should be granted.

Background

This case arises out of damages to Plaintiff's property caused by Hurricane Ike. Doc. 35 at 2. Plaintiff alleges that its "building sustained extensive roof and window damage during the storm. Water intrusion through the roof and windows caused significant damage throughout the entire building including, but not limited to, the building's ceilings, walls, insulation, and flooring. The building also sustained substantial structural and exterior damage during the storm." *Id.* at 3. Plaintiff then submitted a claim to Western Heritage, its insurance carrier for the property, and "asked that Western Heritage cover the cost of repairs to the Property pursuant to . . . [Plaintiff's insurance] Policy." *Id.*

Western Heritage assigned Crawford to adjust Plaintiff's insurance claim and Crawford subsequently assigned Beth Moodenbaugh and Defendant Sherman Smith, individual adjusters, to inspect Plaintiff's property. *Id.* Plaintiff contends that Moodenbaugh "conducted a substandard inspection of Plaintiff's property" as a result of which Western Heritage failed to compensate Plaintiff for the full amount of Plaintiff's loss. *Id.*

Plaintiff filed suit against Western Heritage, Crawford, Moodenbaugh, and Smith in the 113th Judicial District for Harris County. In its original petition, Plaintiff asserted claims against Moodenbaugh, Smith, and Crawford for unfair settlement practices under the Texas Insurance Code, against Western Heritage for breach of contract, unfair settlement practices and failure to promptly pay claims under the Insurance Code, and for breach of the common law duty of good faith and fair dealing, and against all Defendants for fraud and conspiracy to commit fraud. Doc.

1-4 at 10-16.

On February 8, 2012, this Court granted Defendants' motions to dismiss Plaintiff's original petition for failure to comply with the federal pleading requirements, but granted Plaintiff leave to amend its complaint. Doc. 34. Plaintiff filed an amended complaint re-urging its claims against all Defendants. Doc. 35.

Legal Standard

Despite Plaintiff's argument to the contrary, a Rule 12(b)(6) motion is the proper vehicle by which a defendant may challenge the sufficiency of the plaintiff's complaint under the applicable pleading standards.

Defendants have limited their motions to Plaintiff's claims for fraud, conspiracy to commit fraud, unfair settlement practices under the Texas Insurance Code, and breach of the Insurance Code's requirement to promptly pay claims.[3] Docs. 37 & 40. The first three claims are subject to the heightened pleading standards of Rule 9(b). "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). Courts have found that "[c]laims alleging violations under the Texas Insurance Code that are substantively identical to fraud are subject to the Rule 9(b) pleading requirements." *Carter v. Nationwide Property and Cas. Ins. Co.*, Civil Action No. H–11–561, 2011 WL 2193385, at *1 (S.D.Tex. June 6, 2011) (citing *Berry v. Indianapolis Life Ins. Co.*, 608 F.Supp.2d 785, 789, 800 (N.D.Tex. 2009)) (internal quotations omitted). Plaintiff's claim for unfair settlement practices under the Texas Insurance Code is premised on Defendants' purported misrepresentation of facts and is, therefore, an averment of fraud subject to Rule 9(b). Plaintiff's claim for breach of the Insurance

---

[3] Defendants did not explicitly address Plaintiff's extra-contractual claim for breach of the common law duty of good faith and fair dealing.

Code's requirement to promptly pay claims, however, is subject to the more lenient standards of Rule 8. *See, e.g., Khan v. Allstate Fire and Cas. Ins. Co.*, 2012 WL 1601302 (S.D.Tex. May 7, 2012); *Stewart v. Nationwide Property & Cas. Ins. Co.*, 2011 WL 4592256 (S.D.Tex. Sept. 29, 2011).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556).

Allegations of fraud, however, must meet the stricter standards of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The particularity required for such

pleading, however, varies from case to case. *See Benchmark Elec., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds*, 355 F.3d 356 (5th Cir.2003). The Fifth Circuit has reasoned that "[a]t a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs.*, 343 F.3d at 724. More precisely, Rule 9(b)'s particularity requirement compels that "the who, what, when, where, and how [ ] be laid out." *Benchmark Elecs.*, 343 F.3d at 724.

<u>Plaintiff's Claims Against Moodenbaugh and Smith</u>

At the outset, the Court notes that in its earlier opinion and order, the Court stated that Defendant Moodenbaugh had not filed an appearance in the case and that it was not clear from the record whether Plaintiff had served her with process. Doc. 34 at 3 n.1. To date, there has been no change in the record to indicate that Plaintiff served Moodenbaugh, nor has Plaintiff addressed the Court's concern. Because Plaintiff has not served Moodenbaugh, the Court orders that Plaintiff's claims against her are dismissed.

Additionally, this Court previously has stated that when an adjuster's actions "can be accomplished by [the insurer] through an agent" and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster. *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D.Tex. Jan. 20, 2011).

Here, Plaintiff's claims against Defendants Sherman Smith and Beth Moodenbaugh are identical to his claims against the corporate Defendants. Plaintiff attempts to assert claims against Smith and Moodenbaugh for conduct undertaken in their capacity as employees and

agents of the corporate Defendants. Such claims are, in essence, claims against the insurer. For that reason, Plaintiff's claims against Smith must be dismissed.

### Plaintiff's Claims Against Western Heritage and Crawford

Turning to Plaintiff's amended claims against the corporate Defendants, the Court notes that Plaintiff has added very little detail in its attempt to remedy the insufficiencies of its previous complaint. In its previous order, the Court stated that Plaintiff's original petition did not "identify the particular damages which Moodenbaugh omitted from her report and that an adequate review by Smith would have identified, nor does it state either the true value of the Plaintiff's damages and the extent to which Defendants underpaid on such damages." Doc. 34 at 3.

Plaintiff has supplemented its complaint with a detailed description of the damages to its roof and the deficiency in Defendants' valuation of that damage. Plaintiff similarly includes specific allegations that Defendants "only allowed for replacement of soffits and fascia on one side of the building, but not on all sides" and "did not allow for any repairs or replacement of the two vent stacks obviously appearing on the roof of the building" and that Moodenbaugh failed to inspect the interior of the home at all. Doc. 35 at 4-5. Plaintiff likewise makes some allegations regarding the true cost of roof repairs, and claims that the valuation of repairs improperly included deductions for depreciation. *Id.* These allegations are sufficient to support its contractual claims, as Defendants acknowledge. Likewise, Plaintiff's additional allegations indicate that Defendants failed to use ordinary care and prudence in the employment and supervision of its adjusters. These allegations, taken as true, are sufficient to state a claim for breach of the common law duty of good faith and fair dealing.

Nevertheless, Plaintiff's additional allegations are again insufficient under Rules 8 and

9(b) to support its claims for fraud and conspiracy to commit fraud and claims under the Texas Insurance Code. Plaintiff fails to plead facts indicating that Defendants' communications with it were fraudulent or were misrepresentations under the Texas Insurance Code, rather than merely inaccurate evaluations of the true value of its damages. Plaintiff's claims are again based on vague and conclusory language that Defendants "misrepresented that the damage to the Property was not covered under the policy."

The sole communication at issue is a November 24, 2008 letter in which Defendants acknowledged that Plaintiff's damages were covered under the policy but, Plaintiff contends, offered an amount that did not reflect the true extent of Plaintiff's damages. Doc. 35 at 6. This directly contradicts Plaintiff's claim that the Defendants "misrepresented that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence." *Id.* at 7.

Plaintiff also fails to allege any facts indicating that Defendants' failed to respond to Plaintiff's claim "within a reasonable time" as required by the Texas Insurance Code, instead merely alleging that "Plaintiff did not receive timely indication of acceptance or rejection." *Id.* at 8.

In short, while Plaintiff's additional factual allegations tend to support its contractual claims and claim for breach of the duty of good faith and fair dealing, which Defendants do not dispute, they are again insufficient to support its claims for fraud, conspiracy to commit fraud, unfair settlement practices under the Texas Insurance Code, and breach of the Insurance Code's requirement to promptly pay claims. Because the Court previously has granted Plaintiff opportunity to amend its complaint, these claims are dismissed with prejudice.

Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that Plaintiff Atascocita Realty Inc.'s motion to lift stay (Doc. 32) is **GRANTED**. Further, the Court

**ORDERS** that Defendants Western Heritage, Sherman Smith, and Crawford's motions to dismiss Plaintiff Atascocita Realty Inc.'s extra-contractual claims contained in its first amended complaint (Docs. 37, 40) are GRANTED with respect to Plaintiff's claims for fraud, conspiracy to commit fraud, unfair settlement practices under the Texas Insurance Code, and breach of the Insurance Code's requirement to promptly pay claims, and these claims are DISMISSED.

SIGNED at Houston, Texas, this 13th day of September, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE